UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| JOHN DOE,<br>     Plaintiff,<br><br>v.<br><br>TRUSTEES OF DARTMOUTH COLLEGE,<br>     Defendant. | Civil Action No. 1:18-cv-00040-LM |

**REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE EXHIBITS TO DEFENDANT'S MOTION TO DISMISS**

The Court should strike the 531-page investigation report (consisting of the report and numerous exhibits) appended to Defendant's Motion to Dismiss because the report and its exhibits are not central to nor relied upon in the Complaint. On the contrary, the Complaint questions the report's neutrality and calls its conclusions into doubt. In addition, Dartmouth's use of the report is troubling: it relies upon the report for facts which do not appear in the Complaint, some of which are hearsay, and it essentially asks this Court to adopt the report's conclusions. Allowing Dartmouth to rely upon alleged facts contained in the report that appear nowhere in the Complaint, without converting the motion to one for summary judgment and giving the plaintiff the opportunity to respond with his own additional evidence, would undermine the appropriate standard of proof on the motion to dismiss.

### ARGUMENT

*Dartmouth's Reliance on the Report*

In its Memorandum in Support of its Motion to Dismiss, Dartmouth relies upon the report for numerous factual assertions, none of which appear in the Complaint or are even related to the

ways in which the Complaint does reference the report's existence. For example, Dartmouth relies solely on the report to claim that "Smith also told the Title IX coordinator [in her initial report] that Doe 'sexually assaulted' her by engaging in 'non-consensual sexual contact, including but not limited to, fondling and dry humping while naked, and simple assault.'" (Def.'s Memo. in Supp. of Mot. to Dismiss 2, ECF No. 14 ("Def.'s Memo.")) Dartmouth's Memorandum further cites the report to claim that the finding against Doe was "essentially uncontested" because Doe did not remember the events. (*Id.* at 5.) That simply isn't the case; in fact, Doe did contest whether he was responsible for violating Dartmouth's policies and questioned Smith's claims about the events. (Compl. ¶¶ 45, 65-66, ECF No. 1.)

Dartmouth's Memorandum devotes a full page to reciting in detail the investigator's rationale for her findings (Def.'s Memo. at 5), which it seeks to have the Court credit at face value. Dartmouth's opposition to the plaintiff's motion to strike claims that the report demonstrates "the scope and thoroughness of the investigation, the investigator's detailed findings, and the substantial evidence on which those findings were based." (Def.'s Opp'n to Pl.'s Mot. to Strike Exs. to Mot. to Dismiss 6, ECF No. 23.) But the legitimacy of Ms. Sheahan's application of Dartmouth's policies to the evidence that she gathered is a contested issue in this case, which cannot be answered merely by reference to her report. To allow Dartmouth to rely on the report for the proposition that her findings were correct, without giving the plaintiff the opportunity to conduct discovery and present documents and testimony to demonstrate the report's flaws, would be fundamentally unfair to the plaintiff at this stage of the case. *See, e.g.*, *Fairchild v. Quinnipiac University*, 16 F. Supp. 3d 89, 95 (D. Conn. 2014) (holding that in Title IX retaliation/whistleblower suit alleging retaliation against plaintiff for testimony in lawsuit, it

"would be inappropriate to consider" transcripts of the testimony in question, "because [the plaintiff] has had no chance to explain their contents.")

### *The Complaint's References to the Report*

Dartmouth's Opposition outlines, in a series of bullet points, the ways that it claims that the Complaint references or relies upon the investigator's report. (Def.'s Opp'n 2-3.) Most of those references do not concern the report itself at all, but are descriptions of the steps that Dartmouth or its investigator took during its investigation, such as interviewing witnesses and gathering materials from the parties. The Complaint's actual references to the report are limited; it does not quote from or include a detailed description of the report's contents. The report and attached materials are far beyond the bounds of the Complaint and are not fairly considered as having "merge[d] into the pleadings" such that they can be properly considered. *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d. 30, 33 (1st Cir. 2001) (quoting *Beddall v. State Street Bank and Trust Co.*, 137 F.3d 12, 17 (1998)); s*ee also Lawhorn v. Algarin*, ---F. Supp. 3d ---, 2018 WL 1046794, *3 (W.D.N.Y. 2018) (refusing to find that police report was "incorporated by reference" under similar circumstances).

Moreover, the complaint does not adopt the factual narrative or conclusions of the report. Ms. Sheahan, the investigator, produced both a draft and a final report of investigation. (Compl. ¶¶ 42, 45.) As the Complaint notes, the plaintiff presented the investigator with a detailed response to her draft report, in which he highlighted evidence that she had failed to credit and discrepancies in the complainant's testimony. (Compl. ¶ 45.) Not all of those criticisms were resolved to the plaintiff's satisfaction in the final report, and he ultimately appealed from her findings. (Compl. ¶ 66.) Accordingly, while the plaintiff's complaint references the report's existence, it does not adopt it as factually correct and the accuracy of the report's reflection of

the facts is an issue that the plaintiff is entitled to explore in discovery and then argue to the Court at summary judgment (or to a jury at trial). *See Lawhorn*, *supra*, at *4 (holding in civil rights case that although complaint cited facts found in police reports, reports were not therefore "integral" to complaint—and even if they were, court would not rely on them where plaintiff disputed the officers' account contained in the police report).

While some courts' ruling on motions to dismiss have considered university investigative reports in student disciplinary cases, in all but one of the decisions cited in Defendant's Opposition, the courts specifically noted that both parties were in agreement on consideration of the documents. *See* Opp'n 5; *Doe v. Univ. of Colorado, Boulder*, 255 F. Supp. 3d 1064, 1068-69 (D. Colo. 2017) (considering investigation report where both parties asked the court to consider additional documents, and there was no objection by plaintiff); *Doe v. Ohio State Univ.*, 219 F. Supp. 3d 645, 653 (S.D. Ohio 2016) (considering investigation report where "the parties don't dispute the appropriateness of considering the transcript of the disciplinary hearing, which both parties quote and reference throughout their briefs."); *Doe v. Brandeis Univ.*, 177 F. Supp. 3d 561, 573 (D. Mass. 2016) (considering report where there was no motion to strike and both parties submitted "a variety of undisputed documents). It is also striking that the court in one of the cases cited in Defendant's Opposition—*Doe v. University of Colorado, Boulder*, *supra*—specifically noted that there were times when assertions in the complaint and facts recited in the investigative report conflicted, and clarified that where those conflicts occurred the court had taken the allegations of the complaint as true, not those of the report. *Id.* at 1068-69. Here, by contrast, Dartmouth is inviting the Court to rely on the report in order to discredit the allegations of the complaint—an inappropriate invitation at the motion to dismiss stage, where the Court

must take the Complaint's factual allegations as true. *Miller v. Town of Wenham Massachusetts*, 833 F.3d 46, 51 (1st Cir. 2016).

Because the Complaint makes only limited references to the investigative report and summary and does not rely on or adopt their conclusions, and because they are inherently partisan documents that the plaintiff is entitled to challenge through discovery, the Court should strike Exhibits A and E to Dartmouth's Motion to Dismiss.

*Conclusion*

For the foregoing reasons, and those contained in Plaintiff's Memorandum in Support of Motion to Strike Exhibits to Defendant's Motion to Dismiss, the Court should strike the investigative report, Exhibit A to Dartmouth's Motion to Dismiss (ECF No. 14). The Court should also strike the 1.5-page summary provided to Dartmouth's Committee on Standards, for the reasons expressed in plaintiff's briefing on this issue; however, if the Court does consider the investigative report, then plaintiff would withdraw his objection to the Court's consideration of the summary.

Date: April 20, 2018

        Respectfully submitted,

        /s/ Naomi R. Shatz_____
        WILLIAM CHRISTIE
        SHAHEEN & GORDON, P.A.
        107 Storrs Street
        Concord NH 03302
        (603) 617-3029
        wchristie@shaheengordon.com

               RUTH O'MEARA-COSTELLO
                (Mass. Bar. No. 667566)
               NAOMI SHATZ (Mass. Bar. No. 677637)
               ZALKIND DUNCAN & BERNSTEIN LLP
               65a Atlantic Avenue
               Boston, MA 02110
               (617) 742-6020 (telephone)
               (617) 742-3269 (fax)
               rcostello@zalkindlaw.com
               nshatz@zalkindlaw.com

               *Attorneys for plaintiff John Doe*

### Certificate of Service

On April 20, 2018, I served the following document on all counsel of record through the ECF system.

               /s/ Naomi R. Shatz
               Naomi R. Shatz